FILED

01/22/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 20, 2017

**EARL D. CRAWFORD v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Bradley County**
**No. 16-CR-538     Andrew Mark Freiberg, Judge**

_____

**No. E2017-01336-CCA-R3-PC**
_____

The petitioner, Earl D. Crawford, appeals pro se from the summary dismissal of his 2016 petition for post-conviction relief, which challenged his 1986 convictions of aggravated rape, aggravated kidnapping, and armed robbery. Because the petition was filed nearly three decades beyond the applicable statute of limitations, because this is the petitioner's second petition for post-conviction relief, because the petitioner failed to either allege or prove a statutory exception to the timely filing or a due process tolling of the statute of limitations for filing a petition for post-conviction relief, and because there is no merit to the petitioner's claim of sentence illegality, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Earl D. Crawford, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Renee W. Turner, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 1986, a Bradley County Criminal Court jury convicted the petitioner of aggravated rape, aggravated kidnapping, and armed robbery, and the trial court imposed two consecutive life sentence plus 35 years in prison. This court affirmed the judgments on direct appeal. *State v. Earl David Crawford*, No. 258 (Tenn. Crim. App., Nov. 10, 1987), *perm. app. denied* (Tenn. Mar. 14, 1988). On June 28, 1989, the petitioner filed a "Petition For Post-Conviction Relief Filing To Be Held in Abeyance," and, during the pendency of that petition, the petitioner sought habeas corpus relief, which the trial court

apparently treated as a petition for post-conviction relief and which the court dismissed as time-barred in July 1991. The court then, in June 1996, dismissed the petitioner's original petition for post-conviction relief for failure to prosecute, and this court affirmed the dismissal. *Earl Crawford , Jr. v. State*, No.03C01-9610-CR-00385 (Tenn. Crim. App., Knoxville, July 29, 1997), *perm. app. denied* (Tenn. Apr. 17, 1998).

The petitioner filed a petition for post-conviction deoxyribonucleic acid ("DNA") testing, the denial of which was affirmed by this court. *Earl David Crawford v. State*, No. E2002-02334-CCA-R3-PC (Tenn. Crim. App., Knoxville, Aug. 4, 2003), *perm. app. denied* (Tenn. Dec. 22, 2003). The petitioner next sought habeas corpus relief, which was denied by the habeas corpus court, and this court affirmed the denial by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. *Earl David Crawford v. Ricky Bell, Warden*, No. M2004-02440-CCA-R3-HC (Tenn. Crim. App., Nashville, Feb. 15, 2005), *perm. app. denied* (Tenn. June 27, 2005). The petitioner then filed a second petition for writ of habeas corpus, in which he alleged that his convictions were void due to the trial court's erroneous consideration of the petitioner's status as a parolee to enhance his sentence. The petition was summarily dismissed by the habeas corpus court, and this court again affirmed the dismissal, stating that it was "unable to ascertain any illegality in the sentencing procedure of the trial court" and that, in any event, "a challenge to the misapplication of an enhancement factor is not a proper subject for habeas corpus relief." *Earl David Crawford v. James Holloway, Warden*, No. W2014-02500-CCA-R3-HC, slip op. at 4 (Tenn. Crim. App., Jackson, June 26, 2015).

On December 15, 2016, the petitioner filed a "Petition for Relief from Sentence." The post-conviction court summarily dismissed the petition, deeming it time barred, duplicative, and without a legal basis for reopening the prior post-conviction petition. In dismissing the petition, the post-conviction court stated as follows:

> Having taken judicial notice of [the p]etitioner's prodigious history over the past thirty years, it strikes the [c]ourt that the [p]etitioner has availed himself of every conceivable legal avenue to avoid serving the balance of his sentence for his crimes. It is also true that [the p]etitioner's arguments in the present [p]etition have been repackaged and are stale. [The p]etitioner's issues at bar have been considered and reconsidered more than once, and considerable judicial resources have been expended in these matters. The [p]etitioner's personal beliefs notwithstanding, the law does not entitle him to post-conviction relief.

On appeal, the petitioner challenges the summary dismissal of his 2016 petition, asserting the illegality of his sentence and the post-conviction court's failure to appoint counsel. The State responds that the petition was untimely filed and that the legality of the petitioner's sentence has been fully addressed and determined in prior proceedings.

"[A] person in custody . . . must petition for post-conviction relief . . . within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken." T.C.A. § 40-30-102(a). "If it plainly appears from the face of the petition, . . . that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition. The order shall state the reason for the dismissal and the facts requiring dismissal." *Id.* § 40-30-106(b). The statute of limitations for filing a post-conviction petition is jurisdictional. *See id.* § 40-30-102(b) ("No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless [certain statutory prerequisites are met]."). Our supreme court has held that "the one-year statutory period is an element of the right to file a post-conviction petition and that it is not an affirmative defense that must be asserted by the State." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001). Thus, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal." *Id.*

A petition for post-conviction relief filed outside the one-year statute of limitations may nevertheless be considered if its allegations fall within three rather narrow exceptions:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. § 40-30-102(b)(1)-(3). Additionally, due process principles may, in very limited circumstances, require tolling of the post-conviction statute of limitations. *See generally Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). To determine whether due process requires tolling of the statute of limitations, we must determine "when the limitations period would normally have begun to run"; "whether the grounds for relief actually arose after the limitations period would normally have commenced"; and "if the grounds are 'later arising,' determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim." *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995).

In the instant case, the petitioner challenged his 1986 convictions via a second post-conviction petition filed in 2016, nearly 30 years after the judgments became final. The statutory grounds for the tolling of the statute of limitations are not applicable. Moreover, due process principles do not mandate the tolling of the statute of limitations because the petitioner's claim for relief, that of the alleged illegality of his sentence, is not "later arising." In addition, the instant petition is the second petition for post-conviction relief filed by the petitioner and, thus, he is not entitled to the appointment of counsel. "In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." T.C.A. § 40-30-102(c). Finally, the petitioner's claim regarding the legality of his sentence was previously determined in habeas corpus proceedings. Thus, such a claim may not form the basis for post-conviction relief. *See Cauthern v. State*, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004) ("When a claim has been previously determined, it cannot form the basis for post-conviction relief.").

To the extent that the petitioner attempts to seek relief pursuant to Tennessee Rule of Criminal Procedure 36.1 to correct what he believes to be an illegal sentence, nothing indicates that his sentence was "not authorized by the applicable

statutes or that [it] directly contravene[d] an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). The petitioner primarily argues that he did not possess the requisite number of prior convictions for the trial court to have sentenced him as a Range II, persistent offender under the 1982 Criminal Sentencing Reform Act. A review of the record, however, reveals that the trial court sentenced the defendant not as a persistent offender but as an especially aggravated offender, on the basis that he had committed the pertinent offenses while he was on parole. See T.C.A. § 40-35-107(3)(B) (1982). The law as it existed in 1986 prescribed sentencing "within Range II" for an especially aggravated offender, *id.* § 40-35-107(7) (1982), and stated that the trial court must indicate on the judgment of conviction whether the defendant "is found to have committed an especially aggravated offense or is a persistent offender, or both," *id.*, 40-35-107(8) (1982). The petitioner's judgments of conviction plainly state that he was sentenced as an especially aggravated offender. Thus, the sentences imposed were appropriate for his range.

For all of the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE